FLORENTINO AGUAYO, father with *patria potestas* of his minor daughter Julia Aguayo, Plaintiff and Appellant, *v.* MUNICIPALITY OF SAN JUAN, Defendant and Appellee.

No. 3796. Argued March 5, 1926.—Decided April 30, 1926.

*José N. Quiñones* for the appellant.   *Fernando B. Fornaris* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In rendering its judgment in this case the District Court of San Juan found that the accident by which the child in this case was run over by the automobile of the defendant was an unfortunate one, due to the action of the child, Julia Aguayo, when she suddenly attempted to cross the road running in front of the automobile; that the collision was inevitable notwithstanding the precautions which the driver of the vehicle took.

We in turn find that from the evidence the court had the right to believe that when the automobile of the defendant was going through the streets of Bayamón the complainant child suddenly ran in front of the automobile; that the driver of the defendant sought to avoid the collision and zigzagged in his attempts to do so.

The first four assignments of error relate to the weighing of the proof by the court below.   We can not see that the

defendant was negligent in not blowing his horn nor in the rate of speed at which he was moving, nor yet in not keeping far enough to the right of the road. With respect to all of these matters there was no sufficient evidence to upset the finding of the court.

With respect to the duty to give warning we hold as a matter of law that a driver of an automobile is under no duty to blow his horn continuously in driving through the streets of a populous city unless to warn people who are in sight or who are attempting to cross and similarly as to vehicles. Generally between crossings it is something of a nuisance continuously to blow a horn unless to warn somebody who is in sight on the street or gives signs of an intention to cross.

The evidence in this case tended to show that the driver occupied the middle of the road. Ordinarily it is not actionable negligence for a driver to occupy any part of the road when no vehicle or person is traveling in either direction in front of him. It is also settled law that a defendant who is traveling at a permissible speed is not responsible for the injuries to a child that suddenly thrusts itself in front of the vehicle.

This was a suit against the City of San Juan for the negligence of an employee who was driving a car belonging to the city. Although none of the parties has noticed it, there was nothing in the complaint nor in the proof to show that the defendant was using the car with regard to any of his duties owing to the municipality; nor that he was about the business of the City of San Juan. Indeed, the evidence rather tended to show that on the Sunday when the accident happened the occupants of the car were out for pleasure. Under the circumstances we can not see how the City of San Juan could be mulcted in damages. As nothing was shown as to the nature of the automobile or the nature of the business of the defendant, the question arises whether the municipality could, in any case, be responsible unless it was at least shown

that a responsible officer of the municipality was traveling in the car to the extent of making the act of the agent the act of the principal.

The fifth assignment of error relates to the alleged undue admission in evidence of a paper writing purporting to be the declaration or admission of one of the principal witnesses for the complainant. While this witness was testifying she was confronted with a more or less contrary declaration which she had made to one of the agents of the insurance company who was defending the case. The written declaration was admitted in evidence and this admission assigned as error.

Section 158 of the Law of Evidence provides that a witness may be impeached by the party against whom he was called by contradictory evidence. The difficulty in this case is that upon offering the written declaration the defendant said that it was offering it not because the witness had denied what was contained therein, but as a spontaneous explanation on her part. The statement of the attorney was a bit vague, but the action of the court may be justified under said section 158, and given the fact that the whole contents of the writing had previously been heard by the court, the error, if any, was harmless.

The judgment must be affirmed.